IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY JAMES, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0979-G |
| | ) | |
| JUDGE THOMAS JONES, et al., | ) | |
|     Defendants. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is a resident of Dallas, Texas.

Defendants are Judge Thomas Jones (Justice of the Peace, Precinct 1, Place 1), Judge Valencia Nash (Justice of the Peace, Precinct 1, Place 2), and Judge Demetria Benson (County Court at Law No. 1), Fifth District Court of Appeals Clerk Lisa Matz, and Assistant District Attorney Gregg Long.

The Court did not issue process in this case pending preliminary screening. The Magistrate Judge issued two questionnaires to Plaintiff. On June 14, 2007, and November 20, 2007, Plaintiff filed his answers to the original and supplemental questionnaire respectively.[1]

---

[1] Although Plaintiff initially named Dallas County as the sole defendant, he subsequently filed an amended complaint dismissing Dallas County and naming the above listed defendants. (*See* Second Amended Complaint filed on June 15, 2007, and Answer to Magistrate Judge's Questionnaire, filed on June 14, 2007).

Statement of Case: On March 8, 2007, Plaintiff filed a small claim action in Precinct 1, Place 1, which was assigned to Judge Thomas Jones. *See James v. Faz*, No. JS-0700090-H. (Amd. Compl. at 1, and Answer to Suppl. Qst. 1). On March 9, 2007, Judge Jones sustained Defendant's motion to transfer venue, and transferred the small claim suit to Judge Valencia Nash, Precinct 1, Place 2, in Lancaster, Texas. (*See* March 9, 2007 Order attached to Answer to Suppl. Qst., and Amd. Compl. at 1). On the same date, Plaintiff filed an unspecified suit in the Fifth District Court of Appeals at Dallas, complaining of Judge Jones' conduct in transferring his small claim action. (Amd. Compl. at 1). According to Plaintiff, Clerk Lisa Matz returned the suit to Plaintiff on March 14, 2007, asserting lack of jurisdiction. (*Id.*). Plaintiff, however, has lost the case number and style of the Fifth District Court of Appeals case, and inadvertently misplaced the order purportedly returning the suit to him. (Answer to Suppl. Qst. 2).

On March 19, 2007, Plaintiff filed a petition for writ of mandamus in County Court at Law No. 1, Judge Demetria Benson, complaining of Judge Jones' conduct. *See James v. Jones*, CC-07-04129-A. (Amd. Compl. 1, and Answer to Suppl. Qst. 3). On March 20, 2007, Judge Nash returned Plaintiff's small claim suit to Judge Jones for clarification. (*See* March 20, 2007 Letter attached to Answer to Suppl. Qst.). On May 7, 2007, Judge Jones filed an order recusing himself from the small claim suit, and again transferred it to Judge Nash's court. (*See* May 7, 2007 Order of Recusal and Transfer attached to Answer to Suppl. Qst.).

In the meanwhile, Assistant District Attorney Gregg Long filed an answer and a supplemental answer to the petition for writ of mandamus in county court at law, asserting Judge

---

Since process has not been issued, Plaintiff is entitled to amend his complaint. Rule 15(a), of the Federal Rules of Civil Procedure, provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."

Jones did nothing wrong. (*See* Amd. Compl. at 1). On May 18, 2007, Judge Benson held a hearing. (*Id.*). Judge Nash then set Plaintiff's small claim suit for trial on May 31, 2007, but the case was never called according to Plaintiff. (*See Id.* and May 10 and 17, 2007 letters attached to Answer to Suppl. Qst.). On July 6, 2007, Judge Benson denied in part and granted in part Plaintiff's petition for writ of mandamus, and referred the case to Dallas County Judge Jim Foster for re-assignment. (*See* Order attached to Answer to Suppl. Qst.) On July 18, 2007, Judge Foster reassigned Plaintiff's small claim suit to Justice of the Peace Court Precinct 5, Place 1, where it is presently set for trial. *See James v. Faz*, No. JS-07003080. (*See* Order attached to Answer to Suppl. Qst., and Answer to Suppl. Qst. 1(e)).

On June 4, 2007, Plaintiff filed the instant action pursuant to 42 U.S.C. §§ 1981, 1985 and 1986. He alleges Defendants conspired to violate his civil rights in connection with his small claim suit, because he is black and poor. He seeks monetary relief.

<u>Findings and Conclusions</u>: Before addressing Petitioner's claims, the Court must first examine the threshold question of whether it has subject matter jurisdiction in this case. That is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001); In re *Moody*, 849 F.2d 902, 904 (5th Cir. 1988).

Plaintiff asserts claims under 42 U.S.C. §§ 1981, 1985 and 1986 based upon state orders entered in relation to his small claim and mandamus actions, and unspecified Fifth District Court of Appeals suit. Although federal courts unquestionably have jurisdiction over claims under §§ 1981, 1985 and 1986, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*,

786 F.2d 688, 691 (5th Cir. 1986). By virtue of the *Rooker-Feldman* doctrine,[2] "'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify orders of state courts.'" *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)); *see also Hale*, 786 F.2d at 690-91; *Howell v. State Bar of Texas*, 710 F.2d 1075, 1077 (5th Cir. 1983). The United States Supreme Court is the only federal court permitted to review state court decisions. *See* 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of *certiorari* ... where the validity of a statute of any State is drawn in question on the ground of it being repugnant to the Constitution, treaties or laws of the United States[.]"). This jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F.Supp.2d 778, 788 (N.D. Tex. 2003) (quoting *Hale*, 786 F.2d at 691).

*Rooker-Feldman* is a jurisdictional doctrine, which this court can raise *sua sponte*. *Jordaan*, 275 F.Supp.2d at 788. Rule 12(h)(3), Federal Rules of Civil Procedure, requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter."

Stripped to its core, the instant action is nothing more than a collateral attack on the validity of the state orders related to Plaintiff small claims, mandamus and Fifth District Court of

---

[2] This doctrine is named after *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923).

4

Appeals actions. At the very least, Plaintiff's purported constitutional claims are inextricably intertwined with the state courts' rulings. Whether the instant action constitutes an impermissible collateral attack on state orders or simply presents constitutional claims that are inextricably intertwined with the state courts' rulings, this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Jordaan*, 275 F.Supp.2d at 788-89 (When a federal action "is nothing more than a thinly veiled attempt to circumvent the state appellate process and to collaterally attack – in the guise of a federal civil rights action – the validity of a state court [judgment] and other related orders," the lower federal courts lack subject matter jurisdiction over such action.). Consequently, this action should be dismissed for want of jurisdiction.

A search of this Court's records reflects that two of Plaintiff's prior actions were dismissed for want of jurisdiction under the *Rooker-Feldman* doctrine. *See James, et al. v. Cox et al.*, 3:03cv1876-D (N.D. Tex. Apr. 8, 2004), *appeal dismissed as frivolous*, No. 04-10483 (5th Cir. Nov. 11, 2004); *James v. Rhea*, No. 3:02cv2627-N (N.D. Tex. Oct. 14, 2003), *affirmed*, No. 03-11088 (5th Cir. Mar. 10, 2004). In appeal No. 04-10483, *supra*, the United States Court of Appeals for the Fifth Circuit warned Plaintiff that sanctions would be imposed if he persists in filing frivolous actions and appeals.

Courts have an obligation to protect the orderly administration of justice and can issue an injunction to discharge that duty. *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir.1985). Sanctions also are appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *In re Green*, 669 F.2d 779, 787 (D.C.Cir. 1981). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, *are not entitled to sue and appeal, period." Free v. United*

*States*, 879 F.2d 1535, 1536 (7th Cir. 1989) (emphasis added). Plaintiff should be warned one last time that if he persists in filing frivolous lawsuits, the Court may impose monetary sanctions and bar him from bringing *any further actions of any kind* without prior court approval. *See Ruston v. United States*, 2004 WL 2187120, *2 (N.D. Tex. 2004) (issuing similar warning to *pro se* litigant with history of filing frivolous lawsuits); *Scott v. Stephenson*, 2002 WL 1432373 at *3 (N.D.Tex. Jul. 1, 2002) (same).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED for lack of subject matter jurisdiction.

It is further recommended that Plaintiff be WARNED that sanctions will be imposed if he persists in filing frivolous lawsuits.

A copy of this recommendation will be MAILED to Plaintiff.

Signed this 10th day of December, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.